IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CR-335-WKW |
| | ) | [WO] |
| CARLOS SANTE BOGAN | ) | |

## ORDER

On October 4, 2016, Defendant Carlos Sante Bogan was sentenced to 235 months on his conviction for conspiracy to distribute controlled substances. (Doc. # 552.) In April 2020, Defendant's mother, Joe Ann Hicks, submitted a motion on Defendant's behalf. (Doc. # 850.) Ms. Hicks asks this court to "take a look at [Defendant's] case, and perhaps maybe get him some help with his medical condition and/or [get him] some leniency of a lesser sentence . . . ." (Doc. # 850, at 1.) She highlights that Defendant suffers from Crohn's Disease/Ulcerative Colitis, that he needs a hip replacement, and that she is "concerned for his health, especially with the COVID-19 Pandemic everywhere." (Doc. # 850, at 1.) For the reasons that follow, the motion is due to be denied.

The court's authority to modify a defendant's sentence "is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pertinent here, modification is permitted where "extraordinary and compelling

reasons warrant such a reduction" *and* where one of the following has occurred: (1) The Bureau of Prisons ("BOP") has filed a motion on the defendant's behalf; or (2) the defendant has filed a motion after having "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A) (alterations added). Courts are not at liberty to excuse a statutory exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016). This statute's exhaustion requirement is no exception. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). The circumstances in § 3582(c)(1)(A) do not exist here.

First, the BOP has not filed a motion on Defendant's behalf, and Ms. Hicks does not contend otherwise.

Second, Ms. Hicks fails to demonstrate that Defendant has satisfied the exhaustion requirement. She has not submitted proof that Defendant has filed an administrative petition for the BOP to file a motion on her son's behalf for compassionate release under § 3582(c)(1)(A)(i), and she has not indicated whether the complex's warden has informed Defendant of any action taken on such petition.

Third, Ms. Hicks has not substantiated Defendant's alleged health condition with any medical records.  The court understands Ms. Hicks's concern regarding COVID-19; however, a general fear of contracting the virus does not amount to an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A)(i).  *See generally United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia.  But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . .").

If Defendant wishes to seek compassionate release directly from this court, he *himself* should file the motion pursuant to § 3582(c)(1)(A)(i).  Defendant must provide proof that he has submitted an administrative petition requesting that the BOP file a motion for compassionate release on his behalf pursuant to § 3582(c)(1)(A)(i).  He should provide evidence of the date he filed the petition, and he should inform the court whether he has received a response to the request and, if possible, submit evidence of the response or lack thereof.  Defendant also must file a statement, which is signed under penalty of perjury, demonstrating "extraordinary and compelling reasons" for compassionate release, § 3582(c)(1)(A)(i), and, if available, evidence to support those reasons.  If he is relying on a health condition,

3

he (or another person on his behalf) should file records under seal substantiating his medical condition.

Based on the foregoing, it is ORDERED that Ms. Hicks's *pro se* motion (Doc. # 850), filed on behalf of Defendant, is DENIED.

DONE this 10th day of September, 2020.

>                /s/ W. Keith Watkins
> UNITED STATES DISTRICT JUDGE